**Edward B. AVERY, Sr.,**
**Plaintiff–Appellant,**

v.

**Michael C. HOAGUE, et al.,**
**Defendants–Appellees.**

**No. 99–3759.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

*ORDER*

Edward B. Avery, Sr., a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Avery sued a Delaware County (Ohio) municipal judge, the county sheriff, multiple sheriff deputies, and the city attorney for Delaware, Ohio, contending that his Constitutional rights were violated when he was arrested for driving under a suspended license and for furnishing false information to avoid a citation. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

In his timely appeal, Avery continues to argue that he was improperly arrested.

We review the district court's judgment de novo. *Allen v. Mich. Dep't of Corrs.*, 165 F.3d 405, 409 (6th Cir.1999).

Initially, it is noted that defendants, Delaware County Deputy Sheriffs Pohl and Dick, are the only defendants before this court. During its initial screening of Avery's complaint, the district court dismissed Avery's allegations as to all defendants except Pohl and Dick. Avery did not specify this dismissal in his notice of appeal. Therefore, only the district court's grant of summary judgment as to Pohl and Dick is properly before this court. *See* Fed. R.App. P. 3(c).

Pohl and Dick are entitled to qualified immunity. A police officer may arrest an individual without a warrant if he has knowledge of facts and circumstances sufficient to warrant a belief that a crime has been committed. *Gerstein v. Pugh,* 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). If a prudent individual could believe that reasonable cause existed to arrest Avery, Pohl and Dick are entitled to qualified immunity regardless of whether probable cause existed to make the arrest. *See Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). The shield of immunity will be lost only if the arrest is so lacking indicia of probable cause as to render official belief of its existence unreasonable. *Id.* The eventual disposition of the criminal charges is irrelevant to the determination of probable cause. *See Mich. v. DeFillippo,* 443 U.S. 31, 36, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). The facts establish that Avery admitted to driving the car. Further, computer records from the county sheriff's department indicated that Avery's license was suspended. This information was confirmed by Avery's own admissions. Given these facts, Pohl and Dick had probable cause to arrest Avery. Thus, Pohl and Avery were entitled to summary judgment as a matter of law.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.